# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DEBORAH L. SARACCO,**

        **Plaintiff,**

**-vs-**                              **Case No. 6:13-cv-987-Orl-18DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:**     **June 27, 2013**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED without prejudice**.

    In reviewing an application to proceed *in forma pauperis,* the Court may dismiss the case or refuse to permit it to continue without payment of fees "if the court determines that . . . (B) the action or appeal- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Plaintiff filed her initial Complaint asserting that she has been diagnosed with a number of serious medical conditions and that she cannot work. Doc. 1. She also alleges that she has been denied "several times" for social security and disability benefits. Doc. 1. However, Plaintiff has not alleged that she has received a "final decision" of the Commissioner of Social Security, as required to obtain judicial review under 42 U.S.C. § 405(g).

A federal district court's review of claims for DIB arising under Title II of the Social Security Act is limited, and the court generally does not have subject matter jurisdiction over such claims unless a claimant has exhausted her administrative remedies as set forth in the Social Security Act. *See* 42 U.S.C. § 405(g). A civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Commissioner has made a final decision on the claim. *See* 42 U.S.C. § 405(g). The meaning of "final decision" is not defined in the Act, but is "left to the [Commissioner] to flesh out by regulation." *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). A claimant obtains the Commissioner's "final decision" only after completing the four steps of the administrative review process: (1) initial determination; (2) reconsideration determination; (3) hearing before an Administrative Law Judge; and (4) Appeals Council review. *See* 20 C.F.R. § 404.900(a); *Schweiker v. Chilicky*, 487 U.S. 412, 424 (1988).

In other words, the Court does not have jurisdiction to consider an appeal from a denial of benefits until the Social Security Administration's decision is final and the Appeals Council has ruled on the Administrative Law Judge's decision. Typically, a social security claimant files an application for benefits (SSI or disability) and, once denied at the initial level and on reconsideration by the Social Security Administration, requests a hearing before an Administrative Law Judge. If the Administrative Law Judge denies the claim after holding a hearing, then the claimant may appeal to

the Appeals Council. Once the Appeals Council denies the claim, the claimant generally receives a letter giving her notice of the denial and notifying her that she has 65 days to file an appeal in federal court. Plaintiff has not alleged that she has received a final decision from the Appeals Council denying her appeal, or the date of any such notice  If Plaintiff has not received a final decision from the Appeals Council denying her appeal, or if the time to appeal has expired, then the Court lacks jurisdiction over Plaintiff's appeal.

It is **RECOMMENDED** that Plaintiff's application to proceed *in forma pauperis* be **DENIED** without prejudice and that her Complaint be **DISMISSED with leave to amend** within 14 days to state whether the Appeals Council has denied her claim and her suit was timely filed within 64 days of the date of the denial, in order for this Court to have jurisdiction over her appeal.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 3, 2013.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy